FILED 16 MAR '21 17:01 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-CR-86 - HZ |
| v. | INDICTMENT |
| GERARDO CORRALES-ARAGON, DAVID WEAVER, TOMMIE JONES III, and KAREN ELIZABETH COMFORT | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (b)(1)(B), (b)(1)(C), 846 18 U.S.C. § 924(c) |
| | Forfeiture Allegations |
| Defendants. | |

THE GRAND JURY CHARGES:

COUNT 1
(Conspiracy to Possess with Intent to Distribute Methamphetamine)
21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON** and **DAVID WEAVER**, defendants herein, did knowingly and willfully combine, conspire, confederate and agree together, with each other, and with other persons known and unknown to the grand jury, to possess with the intent to distribute five hundred grams or more of a mixture or

Indictment                                                                                                                                   Page 1

substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and 846.

## COUNT 2
### (Conspiracy to Possess with the Intent to Distribute Fentanyl)
### 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 846

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON** and **DAVID WEAVER**, defendants herein, did knowingly and willfully combine, conspire, confederate and agree together, with each other, and with other persons known and unknown to the grand jury, to possess with the intent to distribute four hundred grams or more of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi) and 846.

## COUNT 3
### (Possession with the Intent to Distribute Methamphetamine)
### 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON** defendant herein, did knowingly and intentionally possess with the intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

///

///

## COUNT 4
**(Possession with the Intent to Distribute Fentanyl)**
**21 U.S.C. § 841(a)(1), (b)(1)(A)(vi)**

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON**, defendant herein, did knowingly and intentionally possess with the intent to distribute four hundred grams or more of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) (b)(1)(A)(vi).

## COUNT 5
**(Possession of Firearm in Furtherance of a Drug Trafficking Crime)**
**(18 U.S.C. § 924(c)(1)(A))**

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON**, defendant herein, defendant herein, did knowingly possess a firearm to wit, a black and silver semi-automatic firearm with no serial number or markings, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is conspiracy to possess controlled substances as alleged in counts 1 and 2 of this indictment, and possession with intent to distribute controlled substances as alleged in counts 3 and 4 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 6
**(Possession with the Intent to Distribute Methamphetamine)**
**21 U.S.C. § 841(a)(1), 841(b)(1)(A)(viii)**

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **DAVID WEAVER,** defendant herein, did knowingly and intentionally possess with the intent to distribute five hundred grams or more of a

mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

### COUNT 7
### (Possession with the Intent to Distribute Fentanyl)
### 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(vi)

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **DAVID WEAVER**, defendant herein, did knowingly and intentionally possess with the intent to distribute four hundred grams or more of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(vi).

### COUNT 8
### (Possession with the Intent to Distribute Heroin)
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i)

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **DAVID WEAVER,** defendant herein, did knowingly and intentionally possess with the intent to distribute one kilogram gram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

### COUNT 9
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)
### (18 U.S.C. § 924(c)(1)(A))

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **DAVID WEAVER**, defendant herein, did knowingly possess a firearm to wit, a Smith and Wesson 9mm semi-automatic firearm bearing serial number HSJ7353, in furtherance of a drug trafficking crime for which he may be

prosecuted in a court of the United States, that is conspiracy to possess controlled substances as alleged in counts 1 and 2 of this indictment and possession with the intent to distribute controlled substances as alleged in Counts 6, 7, and 8 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 10
**(Possession of Firearm in Furtherance of a Drug Trafficking Crime)**
**(18 U.S.C. § 924(c)(1)(A))**

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **DAVID WEAVER**, defendant herein, defendant herein, did knowingly possess a firearm to wit, a Dickinson Shotgun with an obliterated serial number, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is conspiracy to possess controlled substances as alleged in counts 1 and 2 of this indictment and possession with the intent to distribute controlled substances as alleged in Counts 6, 7, and 8 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 11
**(Conspiracy to Possess with the Intent to Distribute Fentanyl)**
**21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)(vi), and 846**

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **GERARDO CORRALES-ARAGON, DAVID WEAVER, TOMMIE JONES III, KAREN ELIZABETH COMFORT**, defendants herein, did knowingly and willfully combine, conspire, confederate and agree together, with each other, and with other persons known and unknown to the grand jury, to possess with the intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)(vi) and 846.

## COUNT 12
### (Possession with the Intent to Distribute Fentanyl)
### 21 U.S.C. § 841(a)(1), 841(b)(1)(C)(vi)

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **TOMMIE JONES III**, defendant herein, did knowingly and intentionally possess with the intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)(vi).

## COUNT 13
### (Possession with the Intent to Distribute Fentanyl)
### 21 U.S.C. § 841(a)(1), (b)(1)(C)(vi)

Beginning at a time unknown and continuing up to and including the date of this Indictment, in the District of Oregon and elsewhere, **KAREN ELIZABETH COMFORT** defendant herein, did knowingly and intentionally possess with the intent to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)(vi).

## CRIMINAL FORFEITURE ALLEGATION

Upon conviction of any of the controlled substance offenses as alleged in Counts 1, 2, 3, 4, 6, 7, 8, 11, 12, and 13 of this Indictment, **GERARDO CORRALES-ARAGON, DAVID WEAVER, TOMMIE JONES III, KAREN ELIZABETH COMFORT,** defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of said violations, including but not limited to the following:

A money judgment for a sum of money equal to the amount of property representing the amount of proceeds obtained as a result of the controlled substances distributed as alleged in Counts 1, 2, 3, 4, 6, 7, 8, 11, 12, and 13 for which the defendants are jointly and severally liable.

If any of the above-described forfeitable property, as a result, of any act or omission of the defendants:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

///

///

///

///

///

///

///

## SECOND FORFEITURE ALLEGATION

Upon conviction for offenses in Counts 5, 9 and 10, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the firearms and ammunition involved in those offense, including without limitation:

> A black and silver semi-automatic firearm with no serial number or markings;
>
> A Smith and Wesson 9mm semi-automatic firearm bearing serial number HSJ7353; and
>
> A Dickinson Shotgun with an obliterated serial number.

Dated March  16 , 2021.

A TRUE BILL.

███████████████

OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
Acting United States Attorney

_/s/ Kemp L. Strickland_

KEMP L. STRICKLAND, OSB #96118
Assistant United States Attorney